Voto particular de conformidad emitido por el
Juez Aso-ciado Señor Martínez Torres.
Estoy conforme con la Resolución que hoy emite este Tribunal. En ella se permite que miembros de la prensa utilicen cámaras fotográficas y equipo audiovisual durante el acto de sentencia de un caso de naturaleza penal. Sin lugar a dudas, la decisión de este asunto que cuenta con el voto de conformidad del Juez Presidente Señor Hernández Denton, el Juez Asociado Señor Kolthoff Caraballo, el Juez Asociado Señor Feliberti Cintrón, el Juez Asociado Señor Estrella Martínez y el mío constituye un avance histórico. Para beneficio de todos, creo que es oportuno recapitular de forma breve los antecedentes que han permitido que nuestro Pueblo tenga libre acceso a los procedimientos judiciales.
I
En 2005, este Tribunal aprobó unos Cánones de Ética Judicial en los que se reafirmaron los principios que constituyen la base de las normas éticas. 4 LPRA Ap. IV-B. Sin embargo, en esa ocasión los entonces integrantes de este Foro dejaron inalterado el entonces Canon XVIII de 1977 (4 LPRA Ap. IV-A), ahora Canon 15, supra, que trata sobre *775 la solemnidad de los procedimientos judiciales.(1) Ese precepto ético impone el deber a los jueces de mantener el proceso judicial en un ambiente inalterable de solemnidad y respeto. En su texto original, el Canon 15, id., prohibía la toma de fotografías y las grabaciones de video o audio, así como la difusión de los procesos judiciales por radio o tele-visión, excepto en ocasiones ceremoniales o para propósitos educativos.
Cuando juramenté como Juez Asociado de este Tribunal mencioné lo siguiente:
[D] ebemos prestar particular atención a la transparencia en el desempeño de nuestras funciones. Debemos aspirar a que la justicia sea de fácil acceso para todos y que nuestros procedimientos no obstaculicen el que los ciudadanos se enteren de cómo se atienden sus causas. Por el contrario, debemos procurar que los ciudadanos comprendan cada vez más cómo funciona esta Rama. Para ello debemos utilizar los adelantos tecnológicos disponibles. Incluso, en esa misma línea de pensamiento, creo que es tiempo de replantearnos si todavía se justifica la prohibición de la transniisión de los procedimientos judiciales por vídeo y por audio. Ceremonia de Juramentación, 175 DPR xcvn (2009).
Agraciadamente, la preocupación que expresé en mi juramentación no cayó en oídos sordos. En In re C. 15; Regl. Uso Cámaras Proc. Jud., 188 DPR 424, 426 (2013), este Foro enmendó el Canon 15 de Ética Judicial, supra. Su redacción actual, en lo pertinente, es la siguiente:
Se podrá tomar fotografías o video en el salón del tribunal durante la celebración de sesiones judiciales o recesos y radio-difundir o televisar los procedimientos judiciales, solamente según lo autorice el Tribunal Supremo mediante una orden, regla o norma. Estas garantizarán el acceso del público a los procedimientos judiciales sin que se afecte el logro de un juicio justo e imparcial, sin interrumpir el proceso judicial y sin me-noscabar la sana administración de la justicia. Id.
*776 Como se puede apreciar, la nueva redacción del Canon 15, id., representa un cambio radical de política pública por parte de este Tribunal. El espíritu del nuevo Canon 15 es garantizar la transparencia de los procedimientos judiciales.
II
Coincido con los peticionarios en que, en esta etapa de los procedimientos, la transmisión de la vista de sentencia no causa un perjuicio al acusado. Ya el Sr. Angel Malavé Zayas fue encontrado culpable por un Jurado. La vista de sentencia en este caso es de carácter puramente procesal. Véase la Regla 163 de Procedimiento Criminal, 34 LPRA Ap. II. Además, el uso de cámaras en los procedimientos penales está más que ensayado en otras jurisdicciones, por lo que no hay que temerle.
Permitir el acceso a la prensa en este asunto adelanta el objetivo importante al que me comprometí desde que jura-menté como Juez Asociado de esta Curia: abrir las puertas de la Rama Judicial para mantener informado al Pueblo de Puerto Rico sobre los procedimientos que se desarrollan en nuestros tribunales. De esa forma, nuestro Pueblo podrá constatar que esta Rama constitucional trabaja con gran sentido de laboriosidad e integridad.

 El Juez Presidente Señor Hernández Denton, la Jueza Asociada Señora Fiol Matta y la Juez Asociada Señora Rodríguez Rodríguez eran integrantes de este Foro en ese entonces.